## Hecht v. S. S. Kresge Co.

*Landlord and tenant—Assignment of lease and agreement to pay taxes—Liability for taxes due during year, notwithstanding tax year.*

Where lease was assigned in July, 1923, under agreement that assignor should "pay proportionate share of taxes for period from January 1, 1923, to June 30, 1923," and assignee to "pay share from July 1, 1923," taxes not being payable until December, 1923, and assignor knew that assignee construed provision as one for equal division of taxes assessed for year, he is liable for equal payment, notwithstanding date when tax year begins.

(Decided February 8, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Julius R. Samuels,* for plaintiff in error.
*Messrs. Frost & Jacobs* and *Mr. H. J. Siebenthaler,* for defendant in error.

BUCHWALTER, P. J.   The action was brought in the court of common pleas by S. S. Kresge Company, a corporation, against Harry Hecht.

It is alleged in the petition that on July 20, 1923, plaintiff and defendant entered into a written agreement providing for the assignment by defendant to the plaintiff of a lease on certain premises in Cincinnati. The agreement provided for a cash payment of $6,500 by the plaintiff, and it is alleged that the agreement contained the following provision:

"You (Harry Hecht) have agreed to pay the proportionate share of the taxes covering the

property for the period from January 1, 1923, to June 30, 1923. We (meaning S. S. Kresge Company) will pay the share from July 1, 1923."

It is further alleged that as the amount of the taxes could not be known until after the November election in 1923, and could not be paid until the tax bills were made up in December, 1923, the plaintiff, on July 30, 1923, paid the $6,500 to the defendant, and took possession of the premises on August 1, 1923, and performed all the other terms of the agreement upon the understanding that the defendant would meet the installment of taxes payable in December, 1923, which amounted to $1,306.80; that the defendant failed to pay same, although demand was duly made upon him, and plaintiff was compelled to pay the same to prevent the amount from being certified as delinquent and a penalty assessed thereon, which would have constituted a breach of the lease under which plaintiff holds.

Plaintiff seeks to recover from the defendant the above-mentioned sum, with interest from the date of payment, January 15, 1924.

The answer of the defendant admits that plaintiff is a corporation authorized to do business in Ohio; admits that plaintiff and defendant entered into a written agreement, whereby defendant agreed to assign the lease in question, and that the plaintiff paid $6,500; avers that the defendant was to pay the proportionate share of the taxes covering the property for the period from January 1, 1923, to June 30, 1923, and that plaintiff was to pay its share from July 1, 1923; and denies each and

every other allegation in plaintiff's petition contained.

For a further defense, defendant avers that he stands ready and willing to pay his proportionate share of taxes to plaintiff, to wit, from April 7, 1923, to June 30, 1923, and that he has made tender of $602.58 to plaintiff, but that plaintiff refuses to accept said payment.

For a reply, plaintiff denies that the defendant was ready and willing to pay his proportionate share of the taxes, and denies the tender as alleged.

On hearing in the court of common pleas, a jury having been waived, plaintiff was given judgment for the amount prayed for, with interest.

The case was heard on an agreed statement of facts; the contract entered into being evidenced by a series of letters passing between the parties.

On June 21, 1923, Mr. H. H. Servis, acting for the S. S. Kresge Company, wrote to Mr. Hecht as follows: "You have just agreed with us that you would assign to us your lease on the Taft property at Cincinnati, known as 36 West Fifth street, as of August 1, 1923, and give us possession at that time, in consideration of the sum of six thousand five hundred dollars ($6,500). We are handing you our check for five hundred dollars ($500) and upon the surrender of the possession of the property on the 1st of August, we will pay you the balance of six thousand dollars ($6,000).

"You have agreed to pay one-half of the taxes levied for the year 1923. We will pay the other half."

On June 30, 1923, Michael Schneiderman wrote

to the plaintiff company: "Your communication of June 21, 1923, addressed to my client Harry Hecht, has been referred to me for acknowledgment.

"Mr. Hecht is ready and willing to transfer and assign to you the lease he now holds upon premises 36 West Fifth street, Cincinnati, Ohio, for the balance of the term, to become effective on August 1, 1923, for the sum of $6,500, upon the express conditions, however, that the owner of the premises will consent to such assignment, that you will expressly assume all the terms and provisions of the lease, and that the taxes for the calendar year 1923, will be apportioned as of July 1, 1923.

"If these terms meet with your approval, kindly prepare and forward your offer accordingly, and upon its receipt Mr. Hecht will duly sign and return to you proper acceptance."

On July 3d Mr. Servis wrote to Mr. Schneiderman, stating, "We have agreed on the division of the taxes," and inquiring whether there were any unusual provisions in the lease which he was to take over.

On July 17th he again wrote Mr. Schneiderman stating that he had not had a reply to his letter of July 3d, nor to his telegram, and that he was inclosing a letter revising his offer to cover the suggestion made by Mr. Schneiderman. The inclosure is similar to the letter of June 21st, except that it contains the clause:

"On our part we will agree to secure whatever consent, if any, is necessary, from Mr. Taft, the owner of this property, for the assignment of the lease, and we will take the lease subject to the

terms and conditions under which you hold it. You have told me, however, that there is some payment due the Kaliske estate under this lease, which you are to take care of.''

The same provision as to taxes is included in this letter as was in the letter of June 21st.

On July 18th, in answer to the letter of the 17th, Schneiderman inclosed a revised offer, and said that if the changes were satisfactory to redraft the offer and he would promptly have it accepted and returned. The revision he suggests is that instead of taking the lease subject to the terms and conditions, the plaintiffs are to assume all the terms and conditions. He also changes the provision as to taxes to read as follows:

''You have agreed to pay the proportionate share of the taxes covering the property for the period from January 1, 1923, to June 30, 1923. We will pay the share from July 1, 1923.''

The offer was then, on July 20th, redrafted in conformity with the change suggested, forwarded to Mr. Hecht, and accepted by him, and the offer, with its acceptance, was sent by Mr. Schneiderman to the Kresge Company, and on the 26th copies of the assignments of the lease, which were to be executed, were forwarded to plaintiff company.

On the 27th Mr. Servis wrote to Mr. Schneiderman acknowledging the letter of the 26th, and stated that he had sent the inclosures to his attorneys, and that, when the transaction was closed, they would be returned. The following clause is included in this letter:

''The taxes for the year 1923, in Cincinnati, are payable, one-half in December, 1923, and the other

half in June, 1924. Under our agreement with Mr. Hecht, he was to pay the taxes due in December. I am notifying our attorneys that this is our interpretation of the tax clause in our agreement.''

This letter was evidently received by the attorney for Mr. Hecht on July 28th, and, on July 30th, the balance of the amount agreed upon, to wit, $6,000, was paid to Mr. Hecht, whereupon he executed and delivered to the plaintiff company the assignment of his interest in the lease in question.

The question in this case is: What was the agreement between the parties as to the payment of the taxes assessed for the year 1923? Much space is devoted in the briefs to citations from the General Code in reference to whether or not a tax year dates from January 1st or from the day preceding the second Monday in April. We do not consider it necessary to pass on this question.

The parties had been negotiating for the assignment of this lease. Plaintiff in error knew that during the negotiations the defendant in error considered that the taxes assessed for 1923 were to be divided equally between the contracting parties.

It is claimed by the plaintiff in error that the letter of July 27th, written after the agreement was signed, which set forth that the plaintiff in error was to pay the December taxes, was merely a self-serving declaration on the part of the defendant in error.

No deduction for taxes could have been made at the time of transfer, as the rate had not then been determined, but defendant in error, prior to the transfer, and prior to the payment of the money, notified the plaintiff in error as to just what his

construction of the contract was as to taxes, to wit, an equal division of the taxes assessed for the year 1923, the portion payable by plaintiff in error falling due in December, 1923. With this information, plaintiff in error remained silent, so far as the record shows, completed the assignment, and received the purchase price. Had plaintiff in error in good faith intended to pay only the taxes from April 7th to June 30th, inclusive, he could have so stated in his correction of the offer. He changed the offer to read that he was to pay the portion from January 1st to June 30th. Nowhere prior to the receipt of the money by him did he in any way disclose his interpretation of the contract to be different from that held by the officers of the Kresge Company.

Upon the agreed statement of facts, as shown by the record, we are of the opinion that there was no error in the judgment of the court of common pleas prejudicial to the plaintiff in error. The judgment of that court will, therefore, be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.